FILED IN MY OFFICE
DISTRICT COURT CLERK
3/27/2014 2:05:57 PM
WELDON J. NEFF
dm

STATE OF NEW MEXICO
COUNTY OF MCKINLEY
ELEVENTH JUDICIAL DISTRICT

SANTA FE PACIFIC GOLD
CORPORATION, a Delaware Corporation,

Plaintiff/Counter Defendant,

v.                                              NO. D-1113-CV-9700139-II

UNITED NUCLEAR CORPORATION, A DELAWARE CORPORATION,

    Defendant/Counter-Claimant/Third-Party Plaintiff,

v.                                              **EXHIBIT A**

ALLSTATE INSURANCE COMPANY,
An Illinois corporation successor in interest to
NORTHBROOK EXCESS AND SURPLUS INSURANCE COMPANY,
f/k/a NORTHBROOK INSURANCE COMPANY; and
CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,
British insurers,

    Third Party Defendants.
and

CENTURY INDEMNITY CO., INC., successor in interest
to the INSURANCE COMPANY OF NORTH AMERICA,
a Pennsylvania corporation,

Additional Defendants.

This matter comes before the court on cross motions for summary judgment regarding the proper allocation method called for by the insurance policies at issue in this case. UNC argues the "all sums" allocation method is proper. The insurers (Northbrook, Century, and London) argue that the "pro-rata, time on the risk" method is proper. The allocation method is decided as a matter of law based upon the insurance policy provisions which are the only facts material to deciding the method to be used.

The court has reviewed the pleadings and evidence submitted by the Parties on their motions. The court concludes as a matter of law the insurance policies unambiguously require the "all sums" allocation method be utilized and that the policies do not limit UNC's coverage to a single policy period.

**Findings of undisputed material fact.** The insurance policy terms at issue are part of the record on this motion, speak for themselves, are the only facts material to the resolution of the motions, and are not in dispute.

**Issues decided as a matter of law.**

1. **The plain language of the Insurance policies unambiguously afford UNC "all sums" coverage as long as there is an occurrence that causes some damage during the policy period.** Viewing the relevant policy language in its entirety, the function of the phrase "during the policy period" relates only to the question of when coverage under the policy is triggered. The phrase cannot reasonably be viewed to be both a trigger of coverage and a limitation on the "all sums" coverage as stated in the polices. Certainly not a pro-rata limit to coverage.

2. **The "non-cumulation" and "other insurance" clauses of the insurers' policies do not limit UNC's coverage to a single policy period.** If UNC can prove damages were caused by an occurrence during a policy period then coverage under the policy for that period may be claimed as the plain language of the policies requires. To the extent that the clauses can be argued to be "anti-stacking" provisions, the Court is persuaded by the argument of UNC in its reply brief at Point IV (B) and concludes the "non-cumulation" clauses discussed therein were only intended to apply when coverage was also available under an "accident-based" policy, or at best are ambiguous and therefore must be construed in favor of UNC.

Regarding the Northbrook policies "non-accumulation" clause for 1977-1979, the Court is persuaded by the argument of UNC in its reply brief at Point IV (C) and concludes the clauses discussed therein do not limit UNC's coverage to a single period.

The "other insurance" clauses govern the relationship between insurers, they do not affect the right of UNC to recover under concurrent polices.

**Conclusion.** The motion by UNC for an "all-sums" method of apportionment should be granted. The motion by the Insurers for a "pro-rata, time on the risk" method of apportionment should be denied as well as the motion that any coverage by the policies should be limited to a single policy period.

IT IS SO ORDERED.

_____
Louis E. DePauli, Jr.
District Judge

Case 1:15-cv-00137-MV-SCY   Document 13-1   Filed 03/20/15   Page 4 of 9

FILED IN MY OFFICE
DISTRICT COURT CLERK
6/26/2014 4:29:53 PM
WELDON J. NEFF
Diane Montano

STATE OF NEW MEXICO
COUNTY OF MCKINLEY
ELEVENTH JUDICIAL DISTRICT

SANTA FE PACIFIC GOLD
CORPORATION, a Delaware Corporation,

Plaintiff/Counter Defendant,

v.                                                          NO. D-1113-CV-9700139-II

UNITED NUCLEAR CORPORATION, A DELAWARE CORPORATION,

    Defendant/Counter-Claimant/Third-Party Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,
An Illinois corporation successor in interest to
NORTHBROOK EXCESS AND SURPLUS INSURANCE COMPANY,
f/k/a NORTHBROOK INSURANCE COMPANY; and
CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,
British insurers,

    Third Party Defendants.
and

CENTURY INDEMNITY CO., INC., successor in interest
to the INSURANCE COMPANY OF NORTH AMERICA,
a Pennsylvania corporation,

Additional Defendants.

**EXHIBIT B**

## ORDER STRIKING LONDON'S "FOURTEENTH AFFIRMATIVE DEFENSE AND NORTHBROOK'S SIXTEENTH AFFIRMATIVE DEFENSE"

THIS MATTER is before the Court on UNC's motion to bar the insurers from introducing evidence of claims handling and dismissing certain affirmative defenses filed April 2, 2014. The Court has reviewed the motion and all pleadings generated from it. Based upon the pleadings, attached exhibits and otherwise being advised the Court finds as follows:

1. The Court finds the facts submitted by UNC in its motion, numbers 1-20 to be undisputed;

2. In the case of a defense predicated on late notice or a failure to cooperate, an insurer must show that it was prejudiced in investigating or defending a claim. *Foundation Reserve Ins. Co. v. Esquibel*, 1980-NMSC-019;

3. Hence, as a matter of law, there must be an investigation or defense conducted.

4. The insurer must act reasonably under the circumstances to conduct a timely and fair investigation and evaluation of the claim. *Am. Nat'l property and Cas. Co. v. Cleveland*, 2013-NMCA-013. Even after litigation has commenced. See e.g. *Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d. 1286 (M.D. Fla. 2006);

5. Evaluating the claim for coverage "in the context of litigation," i.e. in the context to defeat coverage, as testified to by the Insurer's representatives makes impossible a fair investigation and evaluation of the claim;

6. Hence, the Insurers fail as a matter of law to establish the element of a fair investigation and evaluation of the claim;

7. The Court finds undisputed the fact that the Insurers never intended to defend or defended UNC. Hence, there can be no failure by UNC to cooperate with any sort of defense;

Based upon the above, the Court finds the fourteenth affirmative defenses by London and the sixteenth affirmative pled by Northbrook should be dismissed.

IT IS SO ORDERED.

*[signature]*

Louis E. DePauli
District Judge

```
 1    ELEVENTH JUDICIAL DISTRICT COURT
      COUNTY OF MCKINLEY
 2    STATE OF NEW MEXICO

 3    NO:  D-1113-CV-9700139                    EXHIBIT

 4                                                 C
      SANTA FE PACIFIC GOLD CORPORATION, a
 5    Delaware Corporation,
               Plaintiff/Counter-Defendant,
 6    vs.
      UNITED NUCLEAR CORPORATION, a Delaware
 7    corporation,
               Defendant/Counter-Claimant/
 8             Third-Party Plaintiff
      vs.
 9    THE TRAVELERS INDEMNITY COMPANY, a
      Connecticut Corporation, et al.
10             Third-Party Defendants.

11
                     TRANSCRIPT OF PROCEEDINGS
12

13          On January 28, 2015, at approximately 8:49 a.m.,

14    this matter came on for trial before the HONORABLE JUDGE

15    LOUIS E. DEPAULI, JR., Judge of the Eleventh Judicial

16    District.

17          The Plaintiffs, United Nuclear Corporation,

18    appeared by Counsel of Record, James J. Mason, Esq.;

19    Keith E. Lynott, Esq.; J. Wylie Donald, Esq.; Stephen J.

20    Lauer, Esq.; and Jon J. Indall, Esq.

21          The Defendants, London Insurance Companies,

22    appeared by Counsel of Record, Kurt Wihl, Esq.;

23    Cassandra R. Malone, Esq.; Judy Y. Barrasso, Esq.;

24    Stephen L. Miles, Esq.; and Andrew J. Graeve, Esq.

25          At which time the following proceedings were had:
```



New Mexico Depo
(505) 244-3376 – setadepo@nmdepo.com

Case 1:15-cv-00137-MV-SCY   Document 13-1   Filed 03/20/15   Page 7 of 9

Santa Fe Pacific Gold Corp., et al. v United Nuclear Corp., et al. v The Travelers Indemnity Company, et al.
Day 12,   on 01/28/2015                                                                Page 2928 of 3129

Page 2928

```
 1   the defense would have had to present evidence under the
 2   known loss doctrine for it to apply that a loss has
 3   already occurred before the plaintiff bought the policy,
 4   no jury could conclude that happened -- no reasonable
 5   jury.
 6              So I guess based on those two findings that
 7   no reasonable jury could conclude as such, the known
 8   loss doctrine does not apply here.  So I'll grant your
 9   motion, Mr. Lynott.
10              MR. LYNOTT:  Thank you, Your Honor.
11              THE COURT:  I don't know how that relates to
12   the other motions.  Maybe it does.  But go ahead.  You
13   are on the second one now?
14              MR. LYNOTT:  Yes, sir.
15              THE COURT:  Which one would that be?
16              MR. LYNOTT:  Mitigation of damages.
17              THE COURT:  Okay.
18              MR. LYNOTT:  Your Honor, this is also an
19   affirmative defense.  The defendant is arguing that
20   coverage should be limited here by virtue of the
21   insured's failure to mitigate its loss, having sustained
22   a loss.
23              I would submit to Your Honor there are two
24   different grounds for granting a motion that would
25   strike any affirmative defense that's predicated on
```

Case 1:15-cv-00137-MV-SCY   Document 13-1   Filed 03/20/15   Page 8 of 9

Santa Fe Pacific Gold Corp., et al. v United Nuclear Corp., et al. v The Travelers Indemnity Company, et al.
Day 12,   on 01/28/2015                                                                    Page 2948 of 3129

Page 2948

```
 1   property damage.
 2              MR. WIHL:  And that's consistent with the
 3   Court's previous rulings, Your Honor.
 4              THE COURT:  But to get another question to
 5   the jury, you know, with regard to mitigation, I don't
 6   think that one is going to come in.  I think it's just
 7   going to be the four or five questions of the elements
 8   that the plaintiff has got to prove, you know, was there
 9   property damage, did it occur during the policy period,
10   was it unintentional and unexpected, was there -- were
11   there damages because of the property damage.  I mean,
12   those are the four questions and it sounds to me like
13   where this one is going versus adding the question of
14   mitigation in there on the special verdict form.
15              So anyway, that is where I'm at, so I guess
16   motion granted.
17              MR. LYNOTT:  Thank you, Your Honor.
18              One last motion.
19              THE COURT:  All right.
20              MR. LYNOTT:  Your Honor, plaintiff
21   respectfully requests that the Court enter a verdict in
22   plaintiffs' favor on the issue of whether the property
23   damage was expected and intended.  We acknowledge that
24   it's our burden of proof and we believe we established
25   that burden of proof, Your Honor.  Deny the motion for
```

Case 1:15-cv-00137-MV-SCY   Document 13-1   Filed 03/20/15   Page 9 of 9

Santa Fe Pacific Gold Corp., et al. v United Nuclear Corp., et al. v The Travelers Indemnity Company, et al.
Day 12,  on 01/28/2015                                                                Page 2961 of 3129

Page 2961

```
 1   admission, environmental conditions.  The jury gets to
 2   interpret what that means.
 3             THE COURT:  Those admissions, in the Court's
 4   eyes, don't rise to the level of creating a fact
 5   question with regard to whether or not the plaintiffs
 6   intended or expected environmental property damage as
 7   required to be cleaned up by EPA under CERCLA.  Those
 8   admissions don't raise a fact question.  All right.
 9             So, yeah, motion granted.  So I guess that
10   narrows the focus of the jury.
11             MS. BARRASSO:  Judge, we had a couple of
12   motions we want to re-urge.
13             THE COURT:  Okay.  Yes, Ms. Barrasso.
14             MS. BARRASSO:  We re-urge them all, but
15   we're only going to argue a couple.  And the one I want
16   to re-urge for you and argue is that we're entitled
17   to -- the London defendants are entitled to a directed
18   verdict on the '65 through '68 policy periods.
19             And that is on the basis, Judge, if you
20   recall, we brought a motion for summary judgment before
21   you.  And you ruled on June 18, 2014, granted our motion
22   in part, saying that drilling the shaft to 400 feet is
23   not good enough.  You know, drilling in -- and that all
24   that was left was exploratory drilling.
25             And we've heard a lot of evidence about that
```