ELEVENTH JUDICIAL DISTRICT COURT
COUNTY OF McKINLEY
STATE OF NEW MEXICO

VIA FAX FILING
(505) 722-3401

JUL 15 2004

SANTA FE PACIFIC GOLD
CORPORATION, a Delaware
corporation,

    Plaintiff/Counter-Defendant,

vs.

No. CV 97-139 II

UNITED NUCLEAR CORPORATION,
a Delaware corporation,

    Defendant/Counter-Claimant/Third-Party Plaintiff,

vs.

**EXHIBIT H**

THE TRAVELERS INDEMNITY COMPANY,
a Connecticut corporation; TRAVELERS CASUALTY
AND SURETY COMPANY, a Connecticut corporation;
ALLSTATE INSURANCE COMPANY, an Illinois
corporation, successor in interest to NORTHBROOK
EXCESS AND SURPLUS INSURANCE COMPANY,
formerly known as NORTHBROOK INSURANCE
COMPANY; HARTFORD ACCIDENT & INDEMNITY
COMPANY, a Connecticut corporation; and
CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON, British insurers,

    Third-Party Defendants,

And

CENTURY INDEMNITY CO., INC. successor in interest
to the INSURANCE COMPANY OF NORTH AMERICA,
a Pennsylvania corporation; and UNITED STATES FIRE
INSURANCE COMPANY, a New York corporation,

    Additional Defendants.

## ANSWER AND DEFENSES OF CERTAIN UNDERWRITERS AT LLOYD'S, LONDON TO UNITED NUCLEAR CORPORATION'S SECOND AMENDED THIRD PARTY COMPLAINT FOR DECLARATORY JUDGMENT

**NOW INTO COURT**, through undersigned counsel, come third party defendants, Certain Underwriters at Lloyd's, London ("Underwriters"), each of whom/which appear separately and alone, for himself/herself/itself and not for any other, and each of whom/which severally subscribed 63.059% of Certificate No. LM 30484, 77.06% of Certificate No. LM 30485, 68.14% of Certificate No. LM 32796, 77.00% of Certificate No. LM 32797 and 39.15% of Certificate No. LAM 01235, which policies of insurance were placed in the London Insurance Market on behalf of United Nuclear Corporation ("United Nuclear"), and hereby answer United Nuclear's Second Amended Third Party Complaint for Declaratory Judgment as follows.

### Parties

1. The allegations contained in paragraph 1 are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

2. The allegations contained in paragraph 2 are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

3. The allegations contained in paragraph 3 are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

4. The allegations contained in paragraph 4 are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

5. The allegations contained in paragraph 5 are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

6. Underwriters admit that they severally subscribed 63.059% of Certificate No. LM 30484, 77.06% of Certificate No. LM 30485, 68.14% of Certificate No. LM 32796, 77.00% of

2

aver that the policies of insurance referenced in paragraph 67 are written documents, the terms and conditions of which speak for themselves.

68. The allegations contained in paragraph 68 state conclusions of law, and therefore, require no response. If a response required, however, the allegations of paragraph 68 are denied as they pertain to Underwriters. The remaining allegations of paragraph 68 are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

69. The allegations contained in paragraph 69 are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

70. The allegations contained in paragraph 70 are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

71. The allegations contained in paragraph 71 are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

72. The allegations contained in paragraph 72 state conclusions of law, and therefore, require no response. If a response required, however, the allegations of paragraph 72 are denied as they pertain to Underwriters. The remaining allegations of paragraph 72 are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

73. The allegations contained in paragraph 73 state conclusions of law, and therefore, require no response. If a response required, however, the allegations of paragraph 73 are denied as they pertain to Underwriters. The remaining allegations of paragraph 73 are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

### FIRST AFFIRMATIVE DEFENSE

The Second Amended Third Party Complaint for Declaratory Judgment fails to state a claim, right or cause of action against Underwriters upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Underwriters specifically plead the warranties, terms, conditions, limits, definitions and exclusions of Certificate Nos. LM 30484, LM 30485, LM 32796, LM 32797 and LAM 01235, as if such were set forth in full herein.

## THIRD AFFIRMATIVE DEFENSE

To the extent the underlying claims do not constitute "damages" or "expenses," as those terms are used in Underwriters' policies, coverage of the underlying claims is barred in whole or in part.

## FOURTH AFFIRMATIVE DEFENSE

To the extent the underlying claims do not involve "property damage," as that term is used in Underwriters' policies, coverage for the underlying claims is barred in whole or in part.

## FIFTH AFFIRMATIVE DEFENSE

To the extent the underlying claims do not involve an "occurrence," as that term is used in Underwriters' policies, coverage of the underlying claims is barred in whole or in part.

## SIXTH AFFIRMATIVE DEFENSE

To the extent the underlying claims do not involve "property damage" which took place during the period of a policy subscribed by Underwriters, coverage for the underlying claims is barred in whole or in part.

## SEVENTH AFFIRMATIVE DEFENSE

In the event it is determined that coverage exists under a policy subscribed by Underwriters, which is denied, Underwriters' alleged liabilities are limited to the proportionate share of "property damage" taking place during their respective policy periods, taking into

account all self-insurance periods or layers, all applicable insurance contracts which United Nuclear has or had with any other insurer, and any other relevant factors.

## EIGHTH AFFIRMATIVE DEFENSE

Underwriters have no affirmative duty to defend United Nuclear under the terms and conditions of Certificate Nos. LM 30484, LM 30485, LM 32796, LM 32797 and LAM 01235.

## NINTH AFFIRMATIVE DEFENSE

Underwriters have no obligation to indemnify United Nuclear in connection with the underlying claims unless and until United Nuclear properly exhausts the limits of all underlying insurance policies, self-retained limits and/or deductibles.

## TENTH AFFIRMATIVE DEFENSE

Coverage for the underlying claims is precluded to the extent any alleged damage resulted from an intentional act(s) by or at the direction of United Nuclear.

## ELEVENTH AFFIRMATIVE DEFENSE

Coverage for the underlying claims is precluded to the extent any "property damage" was expected or intended by United Nuclear, or was otherwise non-fortuitous.

## TWELFTH AFFIRMATIVE DEFENSE

Coverage for the underlying claims may be precluded by one or more exclusions in Underwriters' policies, including but not limited to various pollution exclusions and/or related endorsements.

## THIRTEENTH AFFIRMATIVE DEFENSE

Coverage may be precluded for punitive or exemplary damages, civil penalties, fines or other similar expenses incurred or imposed against United Nuclear pursuant to the punitive damages exclusions contained in Underwriters' policies.

## FOURTEENTH AFFIRMATIVE DEFENSE

United Nuclear may not have satisfied conditions in Underwriters' policies that require proper and timely notice of any purported accident(s), occurrence(s), claims(s) and/or suit(s) for which relief is sought, and United Nuclear may have failed to satisfy other conditions precedent to coverage, including the duty to assist and cooperate, in connection with the underlying claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

Coverage for the underlying claims is barred to the extent United Nuclear made any payment, assumed any obligation or incurred any expense or loss without the consent and knowledge of Underwriters.

## SIXTEENTH AFFIRMATIVE DEFENSE

If it is determined that some or all of the underlying claims are covered under policies subscribed by Underwriters, which is denied, such coverage is limited by the "other insurance" clause contained in Underwriters' policies.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent United Nuclear has impaired the subrogation or contribution rights of Underwriters, or otherwise prejudiced Underwriters' rights, coverage for the underlying claims is precluded under Underwriters' policies.

## EIGHTEENTH AFFIRMATIVE DEFENSE

If it is determined that some or all of the underlying claims are covered, which is denied, Underwriters' liabilities are limited to their respective several percentages of the limits of liability set forth in the policies subscribed by Underwriters, which limits may have been reduced by prior payments.

## NINETEENTH AFFIRMATIVE DEFENSE

Coverage for the underlying claims may be barred, in whole or in part, by various other terms, exclusions, conditions and limitations contained or incorporated in Underwriters' policies, all of which are reserved and none of which are waived.

## TWENTIETH AFFIRMATIVE DEFENSE

Each of the Underwriters which subscribed the policies allegedly providing coverage to United Nuclear agreed to underwrite only his/her/its proportionate share and not that of any other subscribing Underwriter or Company. Thus, if it is determined that coverage for the underlying claims exists, which is denied, the Underwriters subscribing thereto are responsible only for their respective proportionate shares and not for the proportionate share of any other subscribing Underwriter or Company which is insolvent or otherwise unable to respond in judgment.

**WHEREFORE**, Underwriters pray that their Answer and Defenses be deemed good and sufficient, that their defenses be maintained and that, after due proceedings are had, there be judgment rendered herein in favor of Underwriters, dismissing United Nuclear's Second Amended Third Party Complaint for Declaratory Judgment with prejudice at United Nuclear's cost, and for all such other relief as equity and the justice of this cause may require and permit. Underwriters reserves the right to amend this Answer and Defenses to United Nuclear's Second Amended Third Party Complaint for Declaratory Judgment as further information is developed or disclosed.